UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>      Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>      Defendants. | No. 2:18-cv-0691 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has filed motions to proceed in forma pauperis. ECF Nos. 3, 5. Plaintiff has also filed a "motion for funds to facilitate discovery." ECF No. 4. For the reasons stated below, the motion for funds will be denied. In addition, the court will recommend that plaintiff be formally declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g) and that plaintiff's motions to proceed in forma pauperis be denied.

I.     APPLICABLE LAW

    A.     28 U.S.C. § 1915(g): Three Strikes Rule

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006).

### B. Judicial Notice of Court Records

It is well-established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (court may take judicial notice of own records to determine whether in forma pauperis complaint should be dismissed). A judicially noticed fact must be one not subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

## II. RELEVANT FACTS AND ANALYSIS

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See ECF Nos. 3, 5. A review of court records reveals that on at least three occasions, lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. The court takes judicial notice of these cases and the fact that each of them constitutes a "strike" under 28 U.S.C. § 1915(g). They are the following:

- Humes v. Sacramento County, No. 2:18-cv-0241 KJM AC P ("Humes I"):

On June 7, 2018, this case was dismissed for failure to state a claim. See Humes I, ECF No. 10. At that time, the matter was declared a "strike" pursuant to 28 U.S.C. § 1915(g) and the case was closed. See id.

- Humes v. Spence, No. 2:17-cv-2617 MCE KJN P ("Spence"):

On June 8, 2018, the court dismissed this case for failure to state a claim, and the matter was closed. See Spence, ECF No. 15. Although the Spence court did not formally declare the matter a "strike" pursuant to 28 U.S.C. § 1915(g), the court's dismissal of the matter for failure to state a claim makes it a "strike." See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir, 2005) (holding that prior dismissals qualify as strikes if after reviewing dismissal orders, district court determines they were dismissed because they were frivolous or malicious or they failed to state a claim).

- Humes v. Faris, No. 2:17-cv-2440 JAM AC P ("Faris"):

On July 18, 2018, this case of plaintiff's was also dismissed for failure to state a claim. See Faris, ECF No. 18. The court ordered that the case be counted as a "strike" pursuant to 18 U.S.C. § 1915(g), and the matter was closed. See Faris, ECF No. 18.

Given that plaintiff has three strikes on the record, he is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has not alleged any facts in his complaint which suggest that he is under imminent danger of serious physical injury.[1] See generally ECF No. 1. Therefore, plaintiff will be required to submit the appropriate filing fee in order to proceed with this action.

Because plaintiff may not proceed with this action prior to submitting the filing fee, plaintiff's motion for funds to facilitate discovery (ECF No. 4) is premature. For this reason, it will be denied.

////

---

[1] The complaint asserts that plaintiff's Fourteenth Amendment due process rights were violated when the Sacramento County Superior Court issued a warrant for his arrest for having failed to register as a sex offender, despite the fact that plaintiff's sex crime convictions have been expunged. See ECF No. 1 at 4.

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for funds to facilitate discovery (ECF No. 4) is DENIED as premature, and

2. A District Court Judge be assigned to this case.

IT IS FURTHER RECOMMENDED that:

1. The court's dismissal of Humes v. Spence, No. 2:17-cv-2617 MCE KJN P be formally declared a "strike" pursuant to 28 U.S.C. § 1915(g);

2. Plaintiff be declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g); and

3. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 3, 5) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED

DATED: July 31, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE