UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0691 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a Sacramento County Jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and he has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. INTRODUCTION

On July 31, 2018, the court issued an Order and Findings and Recommendations in which the undersigned (1) denied plaintiff's motion for funds to facilitate discovery; (2) recommended that the court's dismissal of Humes v. Spence, No. 2:17-cv-2617 MCE KJN P be formally declared a "strike" pursuant to 28 U.S.C. § 1915(g); (3) recommended that plaintiff be formally declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g), and (4) recommended that plaintiff's outstanding motions to proceed in forma pauperis be denied. ECF No. 8.

Plaintiff filed objections to the Findings and Recommendations on September 17, 2018.

1

ECF No. 11. Since the issuance of the Findings and Recommendations, plaintiff has also filed two more motions to proceed in forma pauperis. See ECF Nos. 9, 10.

With this order, the court will vacate its previously-issued Order and Findings and Recommendations (ECF No. 8). The court will also grant plaintiff's first motion to proceed in forma pauperis (ECF No. 3) and dismiss plaintiff's subsequently filed in forma pauperis requests (ECF Nos. 5, 9, 10) as moot. Finally, the court will recommend that the instant matter be dismissed with prejudice for failure to state a claim and for seeking monetary relief from an immune defendant. See 28 U.S.C § 1915(e)(2)(B)(ii)-(iii). The court will also recommend that the dismissal be declared a strike pursuant to 28 U.S.C. § 1915(g).

## II. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 3. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. LEGAL STANDARDS FOR SCREENING PRISONER CIVIL RIGHTS COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

IV. SCREENING

A. Plaintiff's Allegations

In the complaint, plaintiff alleges that his right to due process under the Fourteenth Amendment was violated when, on April 7, 2014, the Sacramento County Superior Court[1] issued an arrest warrant for his having failed to register as a sex offender. See ECF No. 1 at 4. He

---

[1] This court's docket lists both "Sacramento County Superior Court" and "Sacramento County Superior Court, Municipality" as defendants in this matter. However, a review of the complaint indicates that Sacramento County Superior Court is the sole named defendant. See ECF No. 1 at 2, 4. The court will direct the Clerk of Court to correct the docket accordingly.

3

argues that on April 11, 2012, his misdemeanor sex crime convictions were expunged from his record pursuant to California Penal Code § 1203.4, and that as a result, he was released from his statutory duty under California Penal Code § 290 to register as a sex offender. See ECF No. 1 at 4. In support of his argument that he was not required to register, plaintiff cites to "Kelly v. San Francisco Municipal Court and the City and County of San Francisco, May 02, 1958." See ECF No. 1 at 4. After the Sacramento County Superior Court's issuance of what plaintiff calls a "bogus" warrant, on November 20, 2015, plaintiff was convicted of having failed to register as a sex offender and sentenced to "many months in jail and years on probation." See id. Plaintiff seeks $100,000,000.00 in damages. See ECF No. 1 at 5.

B. Analysis

The complaint is defective in several fundamental ways. First, plaintiff cannot sue the Sacramento County Superior Court because it is not a "person" within the meaning of Section 1983, but an arm of the state immune from suit under the Eleventh Amendment. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.") (citing, inter alia, Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)).

Further, plaintiff's reliance on Kelly is misplaced. In Kelly v. Municipal Court of City & County of San Francisco, 160 Cal. App. 2d 38, 44 (1958), the First District California Court of Appeal held sixty years ago that the sex offender registration requirement under California Penal Code § 290 was "criminal in character" and thus imposed a penalty that would expire upon the defendant's fulfillment of all conditions of probation. However, the California courts have since held that "Kelly is no longer good law." People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (2014). Rather, "the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon." Id. "Indeed the Legislature enacted section 290.1 with Kelly in mind, specifically intending thereby to correct a perceived flaw in the registration statutes which allowed convicted sex offenders to avoid continuing compliance with registration requirements by obtaining an

expungement of their convictions." People v. Fioretti, 54 Cal. App. 4th 1209, 1215 (1997). Therefore, Kelly does not support plaintiff's allegations. Moreover, plaintiff does not assert that he has received a certificate of rehabilitation, as required by Hamdon, 225 Cal. App. 4th at 1073.

Finally, plaintiff states that he has been convicted and sentenced. See ECF No. 1 at 4. As a result, his action for damages is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). A prisoner may not proceed under Section 1983 if a judgment favoring plaintiff "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If plaintiff is serving a sentence based on a challenged conviction, then he is foreclosed from proceeding in this damages action without proof that his conviction or sentence have been reversed, expunged or invalidated. Id. at 486-87. For this reason, dismissal of this action is required.

For these reasons, the court finds that the complaint fails to state a cognizable claim and seeks monetary relief against an immune defendant and that these deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, the undersigned will recommend dismissal of this action with prejudice for failure to state a claim upon which relief may be granted (see 28 U.S.C. § 1915A(b)(1)), and for seeking monetary relief from a defendant that is immune from such relief (see id. at (b)(2)). The undersigned will further recommend that dismissal of this action count as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The undersigned's Order and Findings and Recommendations dated July 31, 2018 (ECF No. 8) is VACATED;

2. Plaintiff's application to proceed in forma pauperis dated April 9, 2018 (ECF No. 3) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

|     |     |
| --- | --- |
| 1   | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § |
| 2   | 1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed |
| 3   | concurrently herewith; |
| 4   |     4. Plaintiff's subsequently filed motions to proceed in forma pauperis (ECF Nos. 5, 9, |
| 5   | 10) are DENIED as moot; |
| 6   |     5. Plaintiff's motion for funds to facilitate discovery (ECF No. 4) is DENIED as moot; |
| 7   |     6. Plaintiff's September 14, 2018 filing (ECF No. 11) is DENIED as moot to the extent it |
| 8   | requests leave to amend the complaint, and STRICKEN to the extent it consists of objections to |
| 9   | the Findings and Recommendations which have been vacated herein; and |
| 10  |     7. The Clerk of Court shall correct the court docket to reflect that Sacramento County |
| 11  | Superior Court is the sole defendant in this matter. |
| 12  |     IT IS FURTHER RECOMMENDED that: |
| 13  |     1. Plaintiff's complaint (ECF No. 1) be DISMISSED with prejudice for failure to state a |
| 14  | claim upon which relief may be granted (see 28 U.S.C. § 1915A(b)(1)) and for seeking monetary |
| 15  | relief from a defendant that is immune from such relief (see 28 U.S.C. § 1915A(b)(2)), and |
| 16  |     2. This matter be formally declared a strike pursuant to 28 U.S.C. § 1915(g). |
| 17  | These findings and recommendations are submitted to the United States District Judge |
| 18  | assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 19  | after being served with these findings and recommendations, plaintiff may file written objections |
| 20  | with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings |
| 21  | and Recommendations." Plaintiff is advised that failure to file objections within the specified |
| 22  | time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 |
| 23  | (9th Cir. 1991). |
| 24  | DATED: October 4, 2018 |
| 25  | |
| 26  |     ALLISON CLAIRE<br>    UNITED STATES MAGISTRATE JUDGE |
| 27  | |
| 28  | |